G., C. & S. F. R'y Co. v. Jacques Tacquard.

(No. 2243.)

Appeal from Galveston County. Opinion by Hurt, J.

Ballinger, Mott & Terry, for appellant.

Wheeler & Rhodes, for appellee.

**§ 250. *Reconvention; plea in held good; case stated.***
Appellee sued appellant in justice's court to recover
$19.50, the alleged value of a beef steer killed by appellant's train.   Among other defenses, appellant interposed
the following, in substance:

"That the animal was killed on a road-crossing on appellant's premises; that appellant's road was properly
fenced for a number of miles on both sides of said crossing; that the road-crossing was made and the opening of
the fence left there for the convenience and benefit of
appellee and at his special instance and request, and that
he expressly contracted and agreed with appellant that
he would keep his cattle off and keep said crossing clear
of his cattle and stock, and that if any of his cattle were
killed on said crossing that appellant should not be liable
therefor; that appellee, in violation of his said contract
and agreement, allowed said animal to stray and get
upon said crossing; that the engineer, when he perceived
the animal upon the crossing, having previously blown
the whistle and caused the bell to be rung for said crossing, applied the air-brakes and caused defendant's train
to slacken its speed, but that before said train could be
stopped it came in collision with said animal; that the
loss of steam and air and momentum of the train caused
appellant damage and loss in the sum of $25, and appellant was further damaged in the loss of time of its employees on said train in the sum of $10, and that the
collision damaged the locomotive in the sum of $25.
Appellant asks judgment in reconvention for $60."

A trial in justice's court resulted in a judgment for appellee for the amount sued for by him.   Appellant appealed to the county court, where, upon exceptions made
by appellee to the aforesaid plea, the same was stricken
out, and the appeal was dismissed for want of jurisdiction in said court to hear and determine it.   *Held* error.
The matter pleaded grew out of the same transaction,
and the facts alleged in said plea constitute a valid cause
of action.   The exceptions to said plea should have been

overruled, and as the amount claimed therein conferred appellate jurisdiction upon the county court, the cause should have been tried *de novo* in that court.

March 3, 1887.                    Reversed and remanded.